TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
J. MARK CHILDS (Cal. Bar No. 162684)
Assistant United States Attorney
Chief, Transnational Organized Crime Section
JEREMY K. BEECHER (Cal. Bar No. 301272)
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorneys
Transnational Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: 213-894-2433/5429/8957
    Facsimile: 213-894-0142
    E-mail:   mark.childs@usdoj.gov
             jeremy.beecher@usdoj.gov
             matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>          v.<br><br>DIEGO ACOSTA OVALLE,<br><br>        Defendant. | No. 2:23-CR-524(A)-DMG-6<br><br>UNITED STATES' SENTENCING POSITION<br><br>Hearing Date: January 5, 2026<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the<br>              Hon. Dolly M. Gee |

     Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys J. Mark Childs, Jeremy K. Beecher, and Matt Coe-Odess, hereby files its sentencing position regarding defendant Diego Acosta Ovalle.

//

//

The United States' sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Sentencing Recommendation, and any other evidence and argument as the Court may permit.

Dated: December 22, 2025          Respectfully submitted,

                                  TODD BLANCHE
                                  Deputy Attorney General

                                  BILAL A. ESSAYLI
                                  First Assistant United States
                                  Attorney

                                  ALEXANDER B. SCHWAB
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division


                                       /s/
                                  _____
                                  J. MARK CHILDS
                                  JEREMY K. BEECHER
                                  MATT COE-ODESS
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendant Diego Acosta Ovalle ("defendant") participated in a conspiracy to operate an unlicensed money transmitting business. Specifically, on multiple occasions, defendant acted as a courier who picked and delivered U.S. currency that defendant knew or believed was the proceeds of unlawful activity or intended to promote unlawful activity.

On October 7, 2025, defendant pled guilty to count seven of the first superseding indictment charging defendant with conspiracy to operate an unlicensed money remitting business, in violation of 18 U.S.C. §§ 371, 1960(a), (b)(1)(B). (Dkt. 549; Dkt. 530 ("Plea Agreement")).

The United States respectfully recommends that the Court sentence defendant to a midpoint Guidelines term of 15 months' imprisonment; a two-year term of supervised release; and the mandatory special assessment of $100.

## II.   STATEMENT OF FACTS

Beginning no later than January 2021 and continuing to October 2023, defendant participated in a conspiracy to operate an unlicensed money transmitting business. (PSR ¶ 49; Plea Agreement ¶ 11). Defendant became a member of the agreement and conspiracy knowing its purpose was to operate an unlicensed money transmitting business affecting interstate and foreign commerce. (Id.) At all relevant times, neither defendant nor any co-conspirator was registered to transmit money on behalf of the public, as required by federal law

1  and regulations, and defendant knew that he was not registered.[1]

2  (Id.)

3          As part of the conspiracy, defendant acted as a money courier

4  who conducted pick-ups and drop-offs of narcotics proceeds for and on

5  behalf of co-defendant Edgar Martinez-Reyes and the Martienz-Reyes

6  Money Laundering Organization.  (PSR ¶ 51.)  For example, in

7  furtherance of the conspiracy, on April 12, 2021, in Los Angeles,

8  California, defendant delivered an unknown quantity of U.S. currency

9  to co-defendant Raul Contreras.  (PSR ¶ 52; Plea Agreement ¶ 11).  On

10  May 19, 2021, in South Gate, California, defendant picked up

11  approximately $183,030 of U.S. currency from an unidentified co-

12  conspirator.  (PSR ¶¶ 52-60; Plea Agreement ¶ 11).  Defendant

13  admitted that he knew or believed the money he transported was the

14  proceeds of unlawful activity or intended to promote unlawful

15  activity.  (Plea Agreement ¶¶ 11, 13).

16          During a search of defendant's residence following defendant's

17  arrest, law enforcement found several bags of rubber bands and an

18  operable money-counting machine.  (PSR ¶ 62.)  Law enforcement also

19  found what appeared to be a ledger documenting money-laundering

20  transaction that defendant had seen and recorded.  (Id.)

21  **III. PROBATION'S FINDINGS**

22          USPO issued a Presentence Investigation Report ("PSR") on

23  December 1, 2025.  (Dkt. 566, PSR.)  The PSR calculated a total

24  offense level of 13, and a Criminal History Category of I, resulting

25  in an advisory guideline range of 12 to 18 months.  (PSR ¶ 114.)

26

27          [1] The PSR states that defendant "knew that he was registered,"
    but the United States believes this is a typo.  The factual basis in
28  the plea agreement states that "defendant knew that he was not so
    registered."  (PSR ¶ 49; Plea Agreement ¶ 11) (emphasis added).

The United States does not object to the PSR's findings or guidelines calculation.

## IV.  ARGUMENT

The United States respectfully recommends that the Court sentence defendant to a midpoint Guidelines term of 15 months' imprisonment; a two-year term of supervised release; and the mandatory special assessment of $100.  Such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

### A.   Nature and Circumstances of the Offense

The nature and circumstances of the offense are serious and concerning.  By agreeing to pick up and deliver U.S. currency that defendant knew or believed was the proceeds of unlawful activity or intended to promote unlawful activity, defendant participated in a money laundering organization and assisted a drug trafficking organization.  (PSR ¶¶ 33-48).  Defendant's conduct was not a victimless crime; rather, by transporting drug trafficking proceeds, defendant facilitated and enabled a drug trafficking organization to launder its proceeds, which helps perpetuate the cycle of further drug trafficking that has fueled an epidemic of addiction and overdose deaths throughout the country.  (Id.)

Furthermore, defendant possessed in his home an operable money-counting machine and a ledger that appeared to document prior money-laundering transactions.  (PSR ¶ 62).  This evidence makes clear that defendant's conduct as a courier was not a one-time mistake but rather an intentional decision to participate in the conspiracy over an extended period of time.  (Id.)

3

**B.   History and Characteristics of Defendant**

Defendant was arrested in 2021 for possession of more than $100,000 related to a transaction involving a controlled substance. (PSR ¶ 96).  Although the charge was dismissed due to insufficient evidence, the United States considers this arrest for similar conduct to be an aggravating factor.

**C.   Need to Avoid Unwarranted Disparities**

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants.  One way of doing so is to sentence defendants within the guidelines range.  See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.").  The United States' recommended sentence, which is at the midpoint of the guidelines, avoids an unwarranted disparity with similarly situated defendants.

**V.   CONCLUSION**

The United States respectfully recommends that the Court sentence defendant to a midpoint Guidelines term of 15 months' imprisonment; a two-year term of supervised release; and the mandatory special assessment of $100.  Such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).